IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALFONSO GUZMAN DAMIAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-0425-CV-W-ODS |
| JANET NAPOLITANO, et al., | ) |
| Defendants. | ) |

## ORDER AND OPINION (1) DETERMINING COURT LACKS JURISDICTION AND (2) STAYING DISSOLUTION OF TRO AND ENTRY OF JUDGMENT

On April 21, 2011, Plaintiff filed an Emergency Motion for Temporary Restraining Order, alleging he was scheduled to be removed from this country the following day. Before he could be removed, the Honorable Fernando J. Gaitan, Jr., Chief Judge of this Court, granted the TRO in the undersigned's absence. A hearing was held before the undersigned on April 25, 2011, and thereafter additional briefs were solicited. After considering the parties' arguments, the Court concludes it lacks jurisdiction to enter the relief requested.

## I. BACKGROUND

Removal proceedings were initiated against Plaintiff, and the hearing before the Immigration Judge was continued to March 18, 2011. Plaintiff did not attend this hearing and an order of removal in absentia was issued. Plaintiff filed a motion asking the Immigration Judge to rescind the in absentia order, but the motion was denied. Plaintiff then initiated an appeal with the Board of Immigration Appeals ("BIA"). By operation of law, an automatic stay precluded Plaintiff's removal while the case was pending before the Immigration Judge. That stay dissolved by operation of law once the Immigration Judge denied Plaintiff's motion to rescind the in absentia order. Plaintiff asked the BIA to stay execution of the removal order, but this request was denied.

Plaintiff seeks to enjoin his imminent removal until his appeals have been exhausted. He argues the order of removal is not final. He also argues his removal will be construed as a departure which, under regulations and practice, will result in the BIA deeming his appeal to have been rescinded – thereby making the order of removal final and barring all appellate avenues.

## II. DISCUSSION

### A. Finality

Plaintiff's arguments rely heavily on his contention that a final order has not been issued. The Court rejects this contention. An alien who fails to appear is subject to entry of an in absentia order pursuant to 8 U.S.C. § 1229a(b)(5). The opportunity to appeal or challenge an in absentia order is limited. "An alien's only recourse in the face of such an order is to challenge the sufficiency of the notice or to assert that exceptional circumstances prevented the alien's attendance at the hearing." Kasyupa v. Keisler, 252 Fed. Appx. 106, 108 (8th Cir. 2007) (citing 8 U.S.C. § 1229a(b)(5)(C)). Such a request is directed to the Immigration Judge who issued the in absentia order, and the filing of such a motion "shall stay the removal of the alien pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C); see also 8 C.F.R. § 1003.23(b)(4)(ii). If the Immigration Judge denies the motion to reopen the proceeding or rescind the in absentia order, the alien's recourse is to appeal the denial to the BIA – the underlying in absentia order is not appealed. See 8 C.F.R. § 1240.15 ("no appeal shall lie from an order of removal entered in absentia."); 8 C.F.R. § 1241.1(e) ("An order of removal . . . shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence immediately upon entry of such order."). Ordinarily, removal orders are automatically stayed while they are appealed to the BIA, but an exception exists for in absentia orders even if the alien appeals the denial of the motion to reopen or rescind. 8 C.F.R. § 1003.6(b).

2

This summary of the law demonstrates a final order was issued: an order entered in absentia is technically final because it is not appealable. The only recourse is to attack the order collaterally with a motion to rescind or a motion to reopen proceedings, but – just as with a motion to set aside a district court's judgment under Rule 60 – such a motion has no effect on the finality of the underlying order. The in absentia order is not automatically[1] stayed while a decision declining to reopen or rescind is appealed to the BIA, but the limited grounds for seeking reopening or rescission – coupled with the rather clear regulations on this point – render this observation unremarkable.

Plaintiff points to 8 U.S.C. § 1101(a)(47), the first part of which defines an "order of deportation" and the second part of which describes when such an order is final. Plaintiff concedes the in absentia order is an "order of deportation" as defined in section 1101(a)(47)(A), but contends it is not a final order as defined in section 1101(a)(47)(B). That provision establishes an order is final upon the earlier of (1) an affirmance by the BIA or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the" BIA. In this case, the earliest of these two events is the expiration of the time for appealing to the BIA because – as explained above – there is no possibility of appealing the order directly. The time for appealing to the BIA ended the moment the Immigration Judge entered the in absentia order, so the in absentia order was final immediately upon being issued.

### B. Jurisdiction of District Courts

In any event, the Court agrees with the Government: regardless of whether the in absentia order is final, this Court lacks jurisdiction. Three statutory provisions are important to this conclusion. Under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") passed in 1996, except as specifically provided "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising

---

[1] It should be noted that the Immigration Judge or the BIA have the discretion to stay an in absentia order after a motion to reopen/rescind is denied by the Immigration Judge. 8 C.F.R. § 1003.6(b).

from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." Id. § 1252(g). The in absentia order is a final order, so this Court lacks authority to bar or otherwise interfere with its execution. E.g., Lang v. Napolitano, 596 F.3d 426, 428-29 (8th Cir. 2010) (section 1252(g) applies to any final order); Moussa v. Jenifer, 389 F.3d 550, 554 (6th Cir. 2004) (challenging decision to deny a request for stay is the same as challenging decision to execute the order). Second, section 1252(b)(9) directs that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." Finally, the REAL ID Act was passed in 2005 and amended IIRIRA to specify that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal   . . . ." 8 U.S.C. § 1252(a)(5).

In concert, these statutes are "designed to consolidate and channel review of *all* legal and factual questions that arise from the removal an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals." Aguilar v. United States Immigration & Customs Enforcement Div. of Dep't of Homeland Security, 510 F.3d 1, 9 (1st Cir. 2007) (emphasis in original); see also Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-85 (1999) (discussing sections 1252(b)(9) and 1252(g)); Nken v. Chertoff, 559 F. Supp. 2d 32, 35-36 (D.D.C. 2008).[2] Plaintiff insists this Court has jurisdiction because he is not challenging the order of removal, but rather the decision not to stay its execution. The distinction Plaintiff draws is not supported by section 1252 or by cases interpreting it. In forming

---

[2]The Government directs the Court to the Eighth Circuit's statement in Tostado v. Carlson that "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion" and "district courts no longer have habeas jurisdiction to review final orders." 481 F.3d 1012, 1014 (8th Cir. 2007). The Court does not rely solely on Tostado's general description of the REAL ID Act because it does not squarely address Plaintiff's argument that he does not seek review of removal order's merits, but rather seeks review of a collateral issue – whether that order should be stayed.

4

this conclusion the Court is not only persuaded by the authorities cited above, but also by the absence of authority – statutory or otherwise – suggesting it has jurisdiction. To the contrary, there are a multitude of opinions – not all of which have been published – holding that District Courts lack jurisdiction in these or similar circumstances. E.g., Monteiro v. Attorney General of the United States, 261 Fed. Appx. 368, 369 (3d Cir. 2008); Moussa v. Jenifer, 389 F.3d 550, 554 (6th Cir. 2004); Rashed v. Acosta, 67 Fed. Appx. 252 (5th Cir. 2003); Sharif v. Ashcroft, 280 F.3d 786, 787-88 (7th Cir. 2002); Cole v. Byam, 2011 WL 1166899 (W.D. Mich. 2011); Shahid v. Holder, 2009 WL 2046040 (S.D.N.Y. 2009); Green v. United States, 2009 WL 2589113 (S.D. Fla. 2009); Buezo v. Banieke, 2008 WL 312898 (D. Minn. 2008); Jusufi v. Chertoff, 2007 WL 4591760 (E.D. Mich. 2007); Sadhvani v. Chertoff, 460 F. Supp. 2d 114, 122-23 (D.D.C. 2006), aff'd 279 Fed. Appx. 9 (D.C. Cir. 2008); Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006); Richards v. Commonwealth of Pennsylvania, 2006 WL 3524557 (W.D. Pa. 2006).

Many of Plaintiff's arguments depend on his claim that there is no final order of removal – a point the Court has rejected. Regardless, the Court's conclusion would be the same even if the in absentia order is not final. The evolution of section 1252, the cases cited in the preceding paragraph, and a plethora of other authority all demonstrate Congress' desire to divest District Courts of jurisdiction to consider matters related to removal orders and to vest all such authority in the Courts of Appeal. The statute has been construed broadly to encompass matters and decisions that are related to or affect the removal order, even if they were not technically decided as part of the removal process.

### III. CONCLUSION

The Court concludes it lacks jurisdiction in this matter, and the TRO must be dissolved and the case dismissed. However, in the interest of justice, the effect of this decision is stayed until 5:00 p.m. Central Time on May 2, 2011. This will insure the parties have sufficient time to initiate proceedings, perfect an appeal, seek other relief

5

from the Court of Appeals, or take any other action deemed appropriate to address Plaintiff's physical presence in this country without him being removed and thereby obviating the issue.[3]

IT IS SO ORDERED.

                                                                                 /s/ Ortrie D. Smith
                                                                                 ORTRIE D. SMITH, JUDGE
DATE: April 28, 2011                                         UNITED STATES DISTRICT COURT

---

[3] The Government concedes the Court of Appeals has jurisdiction to issue a stay pursuant to the Supreme Court's decision in Nken v. Holder, 129 S. Ct. 1749 (2009). This authority is part of the appellate court's inherent power to hold an order in abeyance while it is reviewed. The Court agrees with the Government's argument that Nken does not authorize a district court to issue a stay because district courts are not part of the appellate chain for removal orders. Thus, while Nken may aid Plaintiff's efforts in the Court of Appeals, it provides no aid in this forum.